UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: SALVATORE TRIVISANI, JR.,
<u>Debtor.</u>

AT&T UNIVERSAL CARD SERVICES
CORPORATION,                                                    No. 99-1766
<u>Plaintiff-Appellant,</u>

v.

SALVATORE TRIVISANI, JR.,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-98-3472-AW, BK-97-21323-PM,
BK-98-1A045-PM)

Argued: March 1, 2000

Decided: March 24, 2000

Before WILKINS, NIEMEYER, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kevin Michael Fitzpatrick, KEVIN M. FITZPATRICK,
P.C., Fairfax, Virginia, for Appellant. John Randall Owen, Jr., Hyatts-
ville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

AT&T Universal Card Services Corporation (AT&T) appeals an order of the district court affirming a bankruptcy court order determining that a credit card debt that Salvatore Trivisani, Jr. ("Debtor") owed to AT&T was dischargeable in bankruptcy. Finding no error, we affirm.

I.

The events underlying this appeal began on December 2, 1993, when Debtor was issued an AT&T credit card. He made the necessary payments on the credit card through August 1997. Debtor's only source of income--retirement disability payments--amounted to approximately $1,650 per month. Although Debtor's monthly living expenses exceeded his monthly income, Debtor was able to stay current on his credit obligations by using one credit card to pay off another, and by January 1997, he had accumulated significant credit card debt.

On May 14, 1997, Debtor had a balance of $94.74 on his AT&T card. Between May 14, 1997 and June 5, 1997, Debtor obtained $4,300 in cash advances and made $442.89 worth of purchases on his AT&T card. Debtor loaned the $4,300 to his daughter to assist her in paying legal fees she had incurred in a divorce action. His daughter had promised to repay him approximately $315 per month, which he in turn intended to use to make payments on the AT&T card. His daughter expected to realize the $315 as the result of savings she would receive from removing her husband from her medical insurance policy. After accepting the $4,300, however, it was discovered that she would not be able to remove her husband from her policy after all, and therefore would not be able to repay her father. Debtor made one $10 payment in June 1997. He subsequently contacted

2

bankruptcy counsel on July 20, 1997, and on August 2, 1997, advised AT&T that he intended to file bankruptcy. Debtor eventually filed a bankruptcy petition in October 1997.

AT&T objected to the discharge of $4,742.89 ($4,300 plus $442.89) of the debt Debtor owed to AT&T, contending that Debtor did not intend to repay the debt when he incurred it and thus had obtained the credit through false pretenses. See 11 U.S.C.A. § 523(a)(2)(A) (West 1993 & Supp. 1999). Following a trial, the bankruptcy court determined the debt to be dischargeable. The bankruptcy court specifically found that the Debtor was credible and that he intended to repay the $4,742.89 when he incurred the debt. AT&T then appealed to the district court, which affirmed, concluding that the bankruptcy court did not clearly err in finding that when Debtor incurred the debt he intended to repay it.

II.

On appeal to this court, AT&T contends that the district court erred in affirming the bankruptcy court order, arguing primarily that the bankruptcy court clearly erred in finding that Debtor intended to repay the debt to AT&T when he incurred it. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See AT&T Universal Card Servs. Corp. v. Trivisani (In re Trivisani), No. AW-98-3472 (D. Md. May 3, 1999).

AFFIRMED

3